IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tony Bartlow,                           :
                                        :
                    Petitioner          :
                                        :
        v.                              :  No. 190 M.D. 2024
                                        :  Submitted: February 4, 2026
Unemployment Compensation               :
Board of Review,                        :
                                        :
                    Respondent          :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  July 1, 2026


        Before this Court, in our original jurisdiction, are the Unemployment Compensation Board of Review's (Board) preliminary objections (POs) to Tony Bartlow's (Claimant) petition for review (PFR).  The Board seeks dismissal of the PFR based on lack of subject matter jurisdiction because of improper service, mootness, and failure to state a cause of action against the Board (demurrer).  Upon review, we sustain the Board's demurrer and dismiss the PFR.

        Claimant filed an application seeking Pandemic Unemployment Assistance (PUA), under the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act), 15 U.S.C. §§9001-9141, effective March 8, 2020, with the

Department of Labor and Industry (Department). After initially granting the application, the Department issued an October 8, 2021 monetary redetermination, reducing Claimant's weekly benefit amount (WBA) to $293. Claimant appealed the reduction of benefits to a Referee, which affirmed. On further appeal to the Board, the Board vacated its prior ruling and issued a new decision finding Claimant financially eligible for PUA at a WBA of $583 with a maximum allowance of $8 for dependents, based on credited earnings and the highest quarterly wage reflected in the record.

Following the Board's revised decision, the Department performed an internal upward adjustment to align the monetary determination with the governing statutory maximum for the claim's effective year. POs, Exhibit B (Verified Statement of the Department's Federal Programs Supervisor). On January 29, 2024, the Department adjusted the WBA from $293 to $572 (the statutory maximum for calendar year 2020). *Id*.; *see* Section 404(e) of the Unemployment Compensation Law (Law).[1] On or about January 30, 2024, the Department issued Claimant a payment of $4,856 in PUA benefits, and $577 for his American Rescue Plan PUA claim – both of which were calculated at the $572 rate and included the dependents allowance. POs, Exhibit B.

Around the same time the payment was being processed, on January 30, 2024, Claimant filed a PFR in this Court's *appellate* jurisdiction. Claimant asserted that he never received the adjusted PUA benefits and asked this Court to compel payment. By order dated April 3, 2024, this Court internally transferred the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §804(e). When Claimant filed his PUA claim, the statutory maximum WBA was $572 for 2020. *Id*. The WBR did not increase to $583 until January 3, 2021. *Id*.

matter to our *original* jurisdiction, explaining that the pleading was properly construed as a complaint in mandamus rather than an appellate petition.

In response, the Board filed three POs to Claimant's PFR pursuant to Pennsylvania Rule of Civil Procedure (Civil Rule) 1028(a), Pa.R.Civ.P. 1028(a), and a brief in support. First, the Board asserts lack of subject matter jurisdiction under Civil Rule 1028(a)(1), Pa.R.Civ.P. 1028(a)(1), based on improper service because Claimant failed to serve the PFR on the Board in person or by certified mail, as required by Pennsylvania Rule of Appellate Procedure 1514(c), Pa.R.A.P. 1514(c). The Board states it has no record of proper service, receiving only a PACFile notice and this Court's transfer order, and contends this service defect deprives the Court of jurisdiction and warrants dismissal.

Second, the Board objects to subject matter jurisdiction on the basis that the case is now moot. According to the Board, the Department has paid Claimant the PUA benefits he seeks. Relying on a verified statement appended to its POs, the Board explains that on January 30, 2024, the Department issued $4,856 in PUA benefits (plus $577 in related American Rescue Plan PUA benefits), based on the corrected $572 WBA for 2020. Because Claimant has received all relief to which he is statutorily entitled, the Board argues there is no remaining live controversy.

Third, the Board demurs for legal insufficiency under Civil Rule 1028(a)(4), Pa.R.Civ.P. 1028(a)(4), asserting that Claimant fails to state a cognizable mandamus claim against the Board. The Board argues that it has no statutory authority to pay benefits and that payment authority rests solely with the Department under Sections 201(a) and 601(b) of the Law, 43 P.S. §§761 and 841(b). Because Claimant directed this action against the Board, not the Department, and seeks an order directing the Board to issue payment—an action which the Board has no legal

duty or power to perform—the Board contends mandamus cannot lie against it. The Board, therefore, requests that this Court sustain the POs and dismiss Claimant's PFR with prejudice.

Claimant did not file an answer to the POs. Having failed to timely file a brief in opposition as directed by Court order, Claimant was precluded from doing so. We begin our discussion with the Board's demurrer.

POs may be filed by any party to any pleading and are limited to the grounds set forth in Civil Rule 1028(a), Pa. R.C.P. No. 1028(a). In ruling on POs, "[w]e are required to accept as true the well-pled averments set forth in the . . . [PFR], and all inferences reasonably deducible therefrom." *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation and Natural Resources*, 909 A.2d 413, 415-16 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007). However, we are not required to "accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. at 416. To sustain POs, "it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the [POs] should be sustained, the doubt must be resolved in favor of overruling the [POs]." *Id*.

"[M]andamus is an extraordinary action at common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the [petitioner], a corresponding duty in the [respondent], and want of any other adequate and appropriate remedy." *Firearms Owners Against Crime - Institute for Legal, Legislative and Educational Action v. Paris*, 335 A.3d 1019, 1038 (Pa. 2025) (citation and quotations omitted); *accord Romig v. Wetzel*, 309 A.3d 1108, 1112-13 (Pa. Cmwlth. 2024) (citation omitted). Our focus here is on whether the Board has a corresponding duty.

4

Under Section 203(d) of the Law, the Board is an administrative board that shall hear and decide appeals arising from claims for compensation. 43 P.S. §763(d). It may also adopt, amend or rescind rules of procedure, undertake investigations, and take action required for the hearing and disposition of appeal. *Id*. However, the Board has no statutory authority or duty to issue compensation payments of any kind. *See id*. Only the Department may requisition funds and make compensation payments. Sections 201(a) and 601(b) of the Law, 43 P.S. §§761(a), 841(b). The Department, not the Board, is charged with paying "all compensation authorized by this act . . . ." Section 601(b) of the Law, 43 P.S. §841(b).

Here, Claimant's PFR asks this Court to order the Board to "make full payment" of PUA benefits owed. PFR, ¶6. Because the Board has no legal duty to pay compensation benefits, mandamus cannot compel it to do so. A writ of mandamus cannot create a duty where none exists. *See Firearms Owners Against Crime*, 335 A.3d at 1038. Even accepting all of Claimant's factual allegations as true, the PFR fails to state a cognizable claim against the Board. We, therefore, sustain this demurrer and dismiss the PFR with prejudice.

Accordingly, the Board's demurrer is sustained, and the PFR is dismissed.[2]

_____

MICHAEL H. WOJCIK, Judge

---

[2] In light of this disposition, we do not reach the other POs.

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tony Bartlow,                          :
                                       :
                    Petitioner         :
                                       :
          v.                           : No. 190 M.D. 2024
                                       :
Unemployment Compensation              :
Board of Review,                       :
                                       :
                    Respondent         :


# **O R D E R**


AND NOW, this 1st day of July, 2026, the Unemployment Compensation Board of Review's preliminary objection in the nature of a demurrer to Petitioner's petition for review (PFR) is SUSTAINED and the PFR is DISMISSED.


_____
MICHAEL H. WOJCIK, Judge